UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO.: 3:19-cv-00223

| | |
|---|---|
| DEITRICH GOODSON ) <br> and JACQUELINE GOODSON, ) <br> ) <br> Plaintiffs, ) COMPLAINT AND <br> v. ) DEMAND FOR JURY TRIAL <br> ) <br> LEO'S EXPRESS LOGISTICS, LLC and ) <br> LEONID POPOV, ) <br> ) <br> Defendant. ) <br> ) | |

Plaintiffs, Deitrich Goodson and Jacqueline Goodson, ("Plaintiffs"), by and through counsel, bring this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against Defendant Leo's Express Logistics, LLC ("LEL") and Leonid Popov ("Popov"). Plaintiffs also bring a claim under North Carolina state law against Defendants for violations of the North Carolina Wage and Hour Act ("NCWHA").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) and seek to recover unpaid minimum wages and statutory penalties within the three-year period preceding the filing of this Complaint.

2. Plaintiffs' FLSA claims result from Defendants' policy and practice of failing to timely pay Plaintiffs the statutory minimum wage for all workweeks they were employed by Defendants.

3. Plaintiffs' NCWHA claim against Defendants results from Defendants' willful failure to timely pay Plaintiffs all regular wages earned by Plaintiffs on their scheduled paydays and timely pay Plaintiffs their last paycheck after termination.

## THE PARTIES

4. Deitrich Goodson is an adult individual who resides in Charlotte, North Carolina.

5. Jacqueline Goodson is an adult individual who resides in Charlotte, North Carolina.

6. LEL is a domestic limited liability company registered and in good standing in the State of North Carolina since May 17, 2018, located at 118 Business Park Drive Ste B Indian Trail, NC 28079.

7. Popov is an adult individual who resides in Indian Trail, North Carolina.

8. Popov is an owner, member and/or officer of LEL. In this capacity, Popov is involved in the day-to-day business operations of LEL. Popov has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the decision to withhold payment of Plaintiffs' earned wages. At all relevant times, Popov acted and had responsibility to act on behalf of, and in the interests of LEL in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the minimum wage and NCWHA issues raised in this lawsuit.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

10. This Court has personal jurisdiction because Defendants conduct business in Mecklenburg County, North Carolina, which is located within this judicial district.

11.     Venue is proper in this judicial district because Defendants have substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina.

12.     Plaintiff's NCWHA claim is based on the law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of facts giving rise to Plaintiff's FLSA claim.

13.     All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## COVERAGE ALLEGATIONS

14.     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

15.     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

16.     At all times hereinafter mentioned, Plaintiffs were employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

17.     At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206.

3

18.     At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

19.     At all times hereinafter mentioned, Plaintiffs were employees within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

20.     LEL provides trucking and cargo transportation services.

21.     LEL is owned and controlled by Popov.

22.     Plaintiffs began their employment with LEL in October 2018. Plaintiffs agreed to provide commercial driving services in return for compensation outlined in LEL's Driver Agreement ("Compensation Agreement"). A copy of this document is attached hereto as Exhibit 1.

23.     At all relevant times, Plaintiffs were compensated at a fixed rate of $0.70 cents per mile.

24.     Defendants paid Plaintiffs on a monthly basis.

25.     Defendants unlawfully classified Plaintiffs as "independent contractors"; LEL reserved the right to control Plaintiffs, and in fact exerted this control on a daily basis over Plaintiff's terms and conditions of their work and the performance of their work. Each aspect of the job was controlled by LEL and performed at LEL's direction, including but not limited to, LEL instructed Plaintiffs as to when and where they were required to transport cargo.

26.     Plaintiffs did not make any significant investment in relation to their work with LEL. LEL provided all equipment including, but not limited to, the tractor trailer and fuel they used to deliver cargo pursuant to their employment responsibilities.

27. Plaintiffs did not have any opportunity to share profits or losses related to their work with LEL.

28. Plaintiffs were economically dependent on LEL and were not permitted to perform services for any other company during their time working for LEL.

29. LEL maintained one or more insurance policies covering Plaintiffs' work and naming Plaintiffs' as insured parties and did not require that Plaintiffs separately maintain insurance covering the performance of their work.

30. Commercial Driving is an integral part of the LEL's business. LEL could not perform its services to its clients without Commercial Drivers to transport their cargo.

31. Plaintiffs job responsibilities did not require special skill, judgment, or initiative.

32. Plaintiffs did not perform job duties that would permit LEL to lawfully classify them as exempt from the minimum wage provisions of the FLSA.

33. On February 2, 2019 Defendants terminated Plaintiffs' employment.

34. Defendants failed to pay Plaintiffs for the work they performed during the pay period beginning on January 1, 2019 and ending on February 1, 2019 due on the next regular payday, February 4, 2019.

35. Defendants have knowledge that Plaintiffs are owed unpaid wages that should have been paid on February 4, 2019.

36. Defendants have knowledge that Plaintiffs were not timely paid the paycheck identified in Paragraph 34.

37. Defendants willfully failed to timely pay Plaintiff the paycheck identified in Paragraph 34.

## COUNT I

### (Violation of FLSA – Minimum Wage)

38. Plaintiffs incorporate by reference paragraph 1-37 of their Complaint.

39. Count I arises from Defendants' violation of the FLSA for its failure to timely pay all minimum wages earned by Plaintiffs during the pay period identified in Paragraph 34.

40. Defendants violated the FLSA by failing to timely pay Plaintiffs at least the statutory minimum wage required by the FLSA during the pay period identified in Paragraph 34.

41. Defendants' violation of the FLSA was willful.

## COUNT II

### (Violation of NCWHA – Unpaid Wages)

42. Plaintiff incorporates by reference paragraphs 1 through 41 of their Complaint.

43. Count II arises from Defendants' failure to timely pay Plaintiffs all wages due on the regular payday identified in Paragraph 34.

44. Defendants' refusal to timely pay Plaintiffs their earned wages on the next regular payday was willful.

45. Defendants violated Section 95-25.6 of the NCWHA, N.C. Gen. Stat. §§ 95-25.6.

## COUNT III

### (Violation of NCWHA – Failure to Pay Wages at Separation)

46. Plaintiffs incorporate by reference paragraphs 1 through 45 of their Complaint.

47. Count III arises from Defendants' policy and practice of failing to pay earned wages on the next regular payday following the termination of Plaintiffs' employment in violation of N.C. Gen. Stat. § 95-25.7.

48. Defendants violated N.C. Gen. Stat. § 95-25.7 by failing to pay Plaintiffs their earned wages on the next regular payday following the termination of their employment.

49. Defendants violation of the NCWHA in failing to pay Plaintiffs' earned wages was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand the following relief:

a) An Order pursuant to Section 16(b) of the FLSA and the NCWHA finding Defendants liable for unpaid regular and minimum wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA and the NCWHA by failing to comply with the statutory requirements regarding timely payment of minimum wages and regular paychecks, respectively;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Jason S. Chestnut
Jason S. Chestnut, NCSB # 52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582

**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Fax: (704) 612-0038
E-Mail: jason@gibbonsleis.com
phil@gibbonsleis.com
craig@gibbonsleis.com